**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Robert Wayne SMITH, Defendant–**
**Appellant.**

No. 07–10313.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 18, 2008.

Filed April 29, 2008.

* This disposition is not appropriate for publication and is not precedent except as provided

Amber S. Rosen, Office of the U.S. Attorney, San Jose, CA, for Plaintiff–Appellee.

Josh A. Cohen, Geoffrey A. Hansen, Esq., Assistant Federal Public Defender, Federal Public Defender's Office, San Francisco, CA, for Defendant–Appellant.

Before: HUG, SCHROEDER, and CALLAHAN, Circuit Judges.

**MEMORANDUM** *

Robert Wayne Smith appeals the district court's denial of his motion to suppress evidence of possession of child pornography obtained during a search of his personal computer. Federal agents came to Smith's home and requested his consent to search his computer for evidence related to the exploitation of children. After a dialogue, Smith agreed to the search and signed a written consent form. Thereafter, Smith was convicted of one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). Smith argues on appeal that the district court erred in finding that he consented to the search of his computer because the federal agents gained his consent by misrepresenting the nature and scope of the search.

by 9th Cir. R. 36–3.

He thus argues that his consent to the search was involuntary. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review a denial of a motion to suppress de novo. *United States v. Pang,* 362 F.3d 1187, 1191 (9th Cir.2004). We review a district court's factual findings for clear error and may not disturb the district court's determination that a person's consent to a search was voluntary unless it was clearly erroneous. *United States v. Chan–Jimenez,* 125 F.3d 1324, 1326–27 (9th Cir.1997). Thus, if the district court's finding is plausible, or if there are two permissible views of the evidence, we may not reverse the factual finding, even if we would have weighed the evidence differently. *Husain v. Olympic Airways,* 316 F.3d 829, 835 (9th Cir.2002).

A warrantless search is unreasonable, and thus illegal, under the Fourth and Fourteenth Amendments, unless an exception to the warrant requirement applies. *Schneckloth v. Bustamonte,* 412 U.S. 218, 219, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973). Consent to a search is one such exception if the consent is knowingly and voluntarily provided and not the product of deceit or affirmative misrepresentations by government agents. *United States v. Robson,* 477 F.2d 13, 17 (9th Cir.1973). To determine if the consent was voluntary and not the product of coercion, the court examines the totality of all of the surrounding circumstances. *Schneckloth,* 412 U.S. at 227, 93 S.Ct. 2041.

In this case, we hold that the district court did not clearly err in finding that Smith's consent to the search of his computer was voluntary. The district court's conclusion that the consent was voluntary is plausible because the federal agents did not make affirmative misrepresentations, Smith signed and amended a consent form for the search, and Smith was initially informed of the investigation of his activities. *See United States v. Fiorillo,* 186 F.3d 1136, 1143–44 (9th Cir.1999) (holding that consent to the search was not invalid where no affirmative misrepresentation was made). Thus, we hold that the district court did not clearly err in finding that the consent was voluntary.

**AFFIRMED.**